# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

TYESHA ISOM,                           )
                                       )
            Plaintiff,                 )
                                       )
    v.                                 )     Civil Action No. 24-1736 (UNA)
                                       )
ZACHARY K. COWAN,                      )
                                       )
            Defendant.                 )

## MEMORANDUM OPINION

This matter is before the Court on review of Tyesha Isom's application to proceed *in forma pauperis* (ECF No. 2) and *pro se* complaint (ECF No. 1). The Court will grant the application and dismiss the complaint without prejudice.

Plaintiff brings this breach of contract claim against Zachary Cowan, the individual with whom she entered into a "Texas Common Law Agreement and Declaration of Marriage Law . . . as a temporary matrimony." Compl. at 4. According to plaintiff, Cowan "has disappeared and stopped calling [her] from the corrections facility at Green Bay," *id*., leading plaintiff to believe Cowan "has breach [their] contract with forgetfulness," *id*. As a result, plaintiff alleges, Cowan "owes a vlaue [sic] of the worth the U.S. Constitution for his breach of [their] declaration agreement that is used by the constitution to protect the U.S. Constitution," *id*. at 55, and plaintiff deemed "the cost for his violation is $123.8 Trillion," *id*.

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available when a "federal question" is presented or when the parties are of diverse citizenship and the amount in controversy exceeds $75,000. "For jurisdiction to exist under 28 U.S.C. § 1332, there

1

must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant." *Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)). A party seeking relief in the district court must at least plead facts that bring the suit within the Court's jurisdiction. *See* FED. R. CIV. P. 8(a).

This case does not present a federal question, and plaintiff fails to demonstrate diversity jurisdiction. Even if the amount in controversy exceeds $75,000, all the parties reside or conduct business in Texas. Absent a valid basis for this Court's subject matter jurisdiction, the complaint will be dismissed without prejudice. A separate order will issue.

DATE: July 24, 2024                    TREVOR N. McFADDEN
United States District Judge